IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JEFFERY BOWERS,

    Plaintiff,

vs.                                                          No. 15-2538-JDT-dkv

CITY OF MEMPHIS, TENNESSEE;
MEMPHIS POLICE DEPARTMENT;
TONY ARMSTRONG, Police Director;
SHELBY COUNTY SHERIFF DEPARTMENT;
CITY OF BARTLETT, TENNESSEE;
BARTLETT POLICE DEPARTMENT;
T. MCCOLLUM, Bartlett Police Officer;
J. M. HILL, Keeper of Records for
Tennessee Department of Safety;
CITY OF COVINGTON, TENNESSEE;
COVINGTON POLICE DEPARTMENT;
LEE V. COFFEE, Shelby County Criminal
Court Judge;
DEBORAH OWEN, Shelby County District
Attorney;
BILL GIBBONS, Former District Attorney;
CHRIS CRAFT, Shelby County Criminal
Court Judge;

    Defendants.

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

On August 12, 2015, the plaintiff, Jeffery Bowers ("Bowers"), a resident of St. Louis, Missouri, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) In an order issued on August 18, 2015, the court granted leave to proceed *in forma pauperis*. (ECF No. 5.) Thereafter, on September 2, 2015, Bowers filed an amended

complaint. (ECF No. 6.)[1] This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that this case be dismissed for failure to state a claim upon which relief may be granted.

I. PROPOSED FINDINGS OF FACT

Bowers's amended complaint consists of fourteen typewritten pages and three pages of a court-supplied form styled "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983." (Am. Compl., ECF Nos. 6 & 6-1.) The amended complaint names as defendants: City of Memphis, Tennessee; Memphis Police Department; Memphis Police Director Tony Armstrong; Shelby County Sheriff Department; City of Bartlett, Tennessee; Bartlett Police Department; Bartlett Police Officer T. McCollum; Keeper of Records for the Tennessee Department of Safety J. M. Hill; City of Covington, Tennessee; Covington Police Department; Criminal Court of Shelby County Judge Lee V. Coffee ("Judge Coffee"); Shelby County District Attorney Deborah Owen ("Owen"); Former District Attorney Bill Gibbons; and Criminal Court of Shelby County Judge Chris Craft ("Judge Craft"). (*Id.* at 1.)

In his amended complaint, Bowers states that "[t]his matter . . . is about the willful blindness of the judicial branch of

---

[1]Bowers's amended complaint supersedes the original complaint and renders it null. *B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 267 n.8 (6th Cir. 2008).

government inside the City of Memphis." (*Id.* at 2.) Bowers also adds that "[t]his matter also involve[s] the action of federal and state laws being broken in a governmental building on governmental land own by the City of Memphis and this matter also concerns Employment Liabilities." (*Id.* at 4.)

Bowers alleges that Judge Coffee violated his "constitutional rights [and] thus committed a misdemeanor in office to T.C.A. 29-21-108 and T.C.A. 23-18-408 [and] violated [Bowers's] rights under statutory and constitutional law and pursuant [to] 29-21-108." (*Id.* at 3-4.) Bowers adds that Judge Coffee along with Owen have a "long comfortable history of violating the Federal Constitution and Tennessee State Constitution." (*Id.* at 6.)

As to Judge Craft, Bowers states:

> Judge [] Craft chose to act outside the rim of judicial accountability of protection of the people[']s best interest when the plaintiff in this matter sent a letter to Judge [] Craft about the issue pursuant to T.C.A. 55-50-504 that somehow turn[ed] into a SCATS CODE -20084 and with the (Writ of Habeas Corpus Relief) and Judge [] Craft act[ed] in full capacity of willful blindness and chose to decide it was never sent or reach[ed] him in this matter and this is fully describe[d] by law as the (Stripping Doctrine).

(*Id.* at 5-6.)

Bowers vaguely refers to a grand jury indictment, Indictment No. 11-06877, and states that he suffered incarceration by Judge Coffee. (*Id.* at 8.) In his amended complaint, Bowers asks the court to "[d]ismiss all criminal charges to Indictment No. 11-06877

3

. . . [and] to restore all rights of property to motorize transportation that has been impounded by the Memphis Police Department." (*Id.* at 11.)

In the court-supplied form, Bowers states:

> Judge Lee V. Coffee and Deborah Owens Chief Officer violated my civil rights by placing a[n] indictment on a charge that was not approve[d] and was disapprove[d] several times. Both parties acted in willful blindness and Judge Chris Craft was sent a writ of Habeas Corpus for Relief and neither parties did not [consider] any motion of my to be heard even while incarceration [sic]. Misdemeanor charges was term [sic] into Criminal Charges and did not allow the correct jurisdiction of the correct court to hear my matter and documents was hidden that would have shown excuse for my relief. All parties violated the oath they took to protect the people['s] rights.

(ECF No. 6-1.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. 28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action

    (i)    is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim

5

rests."). "A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28.

*Id.* at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint

6

pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.  <u>Claims Against Judge Coffee and Judge Craft</u>

Bowers's amended complaint is vague and difficult to decipher. Bowers states that this action is brought "pursuant to 42 U.S.C. § 1983 and 1988 and the Fourth Amendment to the United States constitution."[2]  (Am. Compl. 2, ECF No. 6.)   Section 1983 provides a method of seeking redress of deprivation of federal constitutional rights and federal statutory rights. *Albright v. Oliver*, 510 U.S. 266 (1994)(citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the United States

---

[2]Section 1988 does not create an independent cause of action, but rather "'defines procedures under which remedies may be sought in civil rights actions.'" *Marthel v. Bridgestone/Firestone, Inc.*, 926 F. Supp. 1293, 1304 (M.D. Tenn. 1996)(quoting *Schroder v. Volcker,* 864 F.2d 97, 99 (10th Cir. 1988)).

Constitution or federal statutory law, and (2) that the defendant deprived the plaintiff of this federal right under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

It is unclear what constitutional provisions or federal statutes Bowers seeks to invoke in support of his § 1983 claim. Bowers's amended complaint lists numerous violations of federal law. For instance, Bowers states that Judge Coffee engaged in acts of treason, (Am. Compl. 9-10, ECF No. 6), violated the Fifth Amendment of the U.S. Constitution, (*Id.* at 8), and violated the Eleventh Amendment of the U.S. Constitution, (*Id.* at 11-12). However, Bowers provides no context or otherwise explains how Judge Coffee or Judge Craft committed such violations. It appears that Bowers brought the instant suit to challenge an indictment and his incarceration by Judge Coffee, and the denial of his writ of habeas corpus by Judge Craft. (*See* Am. Compl. 2, ECF No. 6-1.) Further, as to Judge Craft, Bowers states that he sent a letter to Judge Craft which Judge Craft "in full capacity of willful blindness [] chose to decide it was never sent or reach[ed] him." (Am. Compl. 5-6, ECF No. 6.) Given these minimal and incoherent allegations, it is impossible to understand the factual basis of Bowers's complaint. Similarly, it is impossible to discern any legally cognizable claims for which Bowers may be granted any relief.[3]

---

[3] Bowers also alleges that Judge Coffee violated the Tennessee Constitution, (Am. Compl. 7, ECF No. 6), and violated various Tennessee laws, (*Id.* at 3). Again, Bowers provides no context or explanation how Judge Coffee committed such violations.

Furthermore, it is well settled that judges, in the performance of their judicial functions, have absolute immunity from Section 1983 damage actions. *Stump v. Sparkman*, 435 U.S. 349, 363 (1978); *see also Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Bright v. Gallia Cnty., Ohio,* 753 F.3d 639, 648-49 (6th Cir. 2014); *Leech v. DeWeese,* 689 F.3d 538, 542 (6th Cir. 2012). However, judges do not have absolute immunity for acts taken "in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 357. The minimal factual allegations alleged in Bowers's amended complaint indicate that Judge Coffee and Judge Craft acted in the scope of their judicial function. While Bowers's complaint contains sporadic statements about lack of jurisdiction, (Am. Compl. 10, ECF No. 6; Am. Compl. 2, ECF No. 6-1), such statements are insufficient to plausibly allege that Judge Coffee and Judge Craft acted in clear absence of jurisdiction. Therefore, Bowers's claims against Judge Coffee and Judge Craft are barred by judicial immunity.

Accordingly, it is recommended that Bowers's claims against Judge Coffee and Judge Craft be dismissed for failure to state a claim upon which relief may be granted.

D. <u>Claims Against Owen</u>

As to Owen's involvement in the instant suit, it appears that Owen, a Shelby County District Attorney, prepared the indictment against Bowers. (Am. Compl. 2, ECF No. 6-1.) Without specifically addressing how, Bowers alleges that Owen has a "long comfortable history of violating the Federal Constitution and [the]

Tennessee State Constitution." (Am. Compl. 6, ECF No. 6.) In another section in his amended complaint, Bowers alleges that Owen committed Eleventh Amendment violations. (*Id.* at 8.)

Again, Bowers's amended complaint contains factually and legally incoherent allegations. It is unclear how Owen's involvement in Bowers's indictment violated the U.S. Constitution and the Tennessee Constitution. Moreover, Owen enjoys absolute immunity for the initiation and prosecution of a criminal case. *See Imbler v. Pachtman*, 424 U.S. 409, 423-24 (1976). Therefore, it is recommended that Bowers's claims against Owen be dismissed for failure to state a claim.

E. <u>Bowers's Claims Against the Remaining Defendants</u>

Apart from being listed as defendants in the style of Bowers's amended complaint, there are absolutely no factual allegations or claims against the remaining defendants. Therefore, Bowers fails to state a claim upon which relief may be granted and it is recommended that his amended complaint be dismissed as to the remaining defendants.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be dismissed *sua sponte* for failure to state a claim pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii) on which relief may be granted, and judgment be entered for the defendants.

Respectfully submitted this 16th day of September 2015.

s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.