# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERY BOWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2538-JDT-dkv |
| | ) | |
| LEE V. COFFEE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION FOR DISMISSAL, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On August 12, 2015, Plaintiff Jeffery Bowers, a resident of St. Louis, Missouri, filed a *pro se* civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) United States Magistrate Judge Diane K. Vescovo granted leave to proceed *in forma pauperis* on August 18, 2015. (ECF No. 5.) On September 2, 2015, Plaintiff filed an amended complaint (ECF No. 6.) that superseded the original complaint. Plaintiff sued the cities of Memphis, Bartlett and Covington, Tennessee, along with their police departments; Memphis Police Director Tony Armstrong and Bartlett Police Officer T. McCollum; the Shelby County Sheriff's Department; former Shelby County District Attorney Bill Gibbons; Deborah Owen, with the Shelby County District Attorney's Office; and Shelby County Criminal Court Judges Lee V. Coffee and Chris Craft.

On September 16, 2015, Magistrate Judge Vescovo issued a Report and Recommendation ("R&R") in which she recommended dismissing the action *sua sponte*. (ECF No. 8.) On October 5, 2015, Plaintiff filed a timely objection. (ECF No. 9.)

Magistrate Judge Vescovo found that Plaintiff's amended complaint fails to state a claim on which relief may be granted. She determined the claims against Defendants Coffee and Craft are barred by absolute judicial immunity and that his claims against Defendant Owen are barred by prosecutorial immunity. The Magistrate Judge also noted the amended complaint contains no factual allegations against any of the other named Defendants. Although Plaintiff vigorously objects to the finding that his claims against Defendant Coffee are barred, the vague statements in his various documents about Defendant Coffee's lack of jurisdiction over the charges brought against Plaintiff for driving on a revoked or suspended license are insufficient to overcome absolute judicial immunity.

The Court agrees with Magistrate Judge Vescovo's recommendation for dismissal. Accordingly, Plaintiff's objections are overruled, and the R&R is ADOPTED. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii), the complaint is hereby DISMISSED for failure to state a claim and as barred by judicial immunity.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Rule 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim and as barred by judicial immunity also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. If Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

   s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE